Judge Gheen:
By the terms of the covenant sued upon, the tender of bonds with good security, on the 25th day of December, 1800, by the plaintiff, was a condition precedent to the oh *70 ligation, on the part of the defendant, to convey and surTemjer possession of the land. The covenant is express, that he was not to convey until the bonds were delivered or tendered; and the day fixed, by the agreement, for delivering or tendering the bond's, was the 25th of December, 1800, which was also the day appointed for delivering possession of the land to the plaintiff. The covenants being to be performed, on both sides at the same time,' were therefore dependent on each other; and neither party could insist upon the other’s performing his part of the covenants, unless he himself performed, or offered to perform his covenants at the appointed time. In this point, the declaration is incurably defective. It does not alledge, a performance on the part of the plaintiff,' at the appointed time,- or that the defendant had consented to postpone the performance to a later day; but alledges an offer to perform on the 4th of March, 1801, as a compliance with the terms of the original contract; when, in truth, it appears to have been an offer, to perform an agreement or award, made after the covenant was broken by the plaintiff, and not noticed- in the declaration. Such an agreemént or award, if strictly performed by the plaintiff, could not give him a right of action upon the original covenant. The issue, made up on the first plea to this declaration, was immaterial; the jilea being no answer to the declaration. The second plea, and the issue made up on that, puts in issue the fact, whether bonds had been tendered according to the contract; and the Court properly instructed the jury on that point, that the tender of the bonds was a condition precedent, to be performed by the plaintiff, to enable him to maintain his action. Whether the other branch of the instruction was right or wrong, it is not material to inquire; since, if there had been a verdict for the plaintiff the judgment must have been arrested, and a judgment given for the defendant; because the declaration shewed no cause of action, and, in that case, a repleader could not be awarded. It would be to no purpose, to make up new *71 issues on a declaration, on which no judgment could be given, in any event. Smith v. Walker, 1 Wash. 135. The judgment ought to be affirmed.
The Pkesident:
The defect in the declaration renders it unnecessary to decide on the subsequent pleadings and the bill of éxeeptions. The allegation in the declaration, of the performance of the covenant by the plaintiff, is completely at variance with the covenant declared upon. This is an incurable error of itself, and the judgment must be affirmed.
Judges Cabell and Coaltek concurred; and the judgment was affirmed,.